| |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-2*<br><br>**A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>Heike M. Vogel, Esq.<br>Maria A.G. Harper, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-5006<br>Fax  (973) 533-0127<br><br>*Proposed Counsel to the Debtors<br>and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>JTRE 14 VESEY LLC,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br>Case No. 24-12087 (MBK)<br><br>*(Joint Administration to be Requested)* |
| In re:<br><br>14 VESEY STREET PARTNERS (DEL) LLC,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br>Case No. 24-12086 (MBK) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF A.Y. STRAUSS LLC AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (collectively, the "***Debtor***") herein submit this application (the "***Application***") for entry of an order, in substantially the form annexed hereto, authorizing the employment and retention of A.Y. Strauss LLC (the "***Firm***") as counsel for the Debtor in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtor relies on the *Declaration of Eric H.*

*Horn*, a partner of the Firm (the "**Horn Declaration**") admitted to practice in this Court, a copy of which is attached hereto as <u>Exhibit A</u> and incorporated herein by reference. In further support of this Application, the Debtor respectfully states:

## JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 327(a), 328, and 1107 of title 11 of the United State Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

## BACKGROUND

3. On February 28, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of New Jersey (the "**Court**").

4. The Debtors are operating their business and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No committee of unsecured creditors has been appointed in these Chapter 11 Cases.

## RELIEF REQUESTED

6. By this Application, the Debtors seek entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1

2

authorizing the employment and retention of the Firm as counsel in these Chapter 11 Cases to perform, among others, the following tasks:

    (a)    providing the Debtors with advice and preparing all necessary documents regarding debt restructuring, bankruptcy and asset dispositions;
    (b)    taking all necessary actions to protect and preserve the Debtors' estates during the pendency of these Chapter 11 Cases;
    (c)    preparing on behalf of the Debtors, as debtors-in-possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of these Chapter 11 Cases;
    (d)    counseling the Debtors with regard to their rights and obligations as debtors-in-possession;
    (e)    appearing in Court to protect the interests of the Debtors; and
    (f)    performing all other legal services for the Debtors which may be necessary and proper in these proceedings and in furtherance of the Debtors' operations.

7. It is contemplated that the Firm will be compensated (after discounting the Firm's hourly rates) for the services described herein at a rate of $425 to $550 per hour in accordance with its customary billing practices, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.[1]

8. The Debtors selected the Firm as counsel because of the Firm's experience in handling chapter 11 cases. Indeed, both Eric Horn and Heike Vogel have over twenty (20) years' experience in chapter 11 matters. The employment of the Firm as counsel to the Debtors is appropriate and necessary to enable the Debtors to faithfully execute its duties as a debtors and debtors-in-possession, and to implement the Debtors' objectives for the Chapter 11 Cases.

---

[1] Partners typically bill at a range of $500.00 per hour to $650.00 per hour, and Associates and Counsel bill at a range of $425.00 per hour to $475.00 per hour. Paralegal and law clerk time is charged at $200.00 per hour. The Firm agreed to a rate cap of $550 per hour for partners.

## PROFESSIONAL COMPENSATION

9. During these Chapter 11 Cases, the Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the United States Trustee.

10. As noted above, the Debtors and the Firm have agreed that the Firm will be compensated (after discounting the Firm's hourly rates) for the services described herein at a rate of $425 to $550 in accordance with its customary billing practices, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.

11. Prior to the filing of these cases, the Firm received a retainer from the Debtors of $35,000 in addition to the chapter 11 filing fees.

## DISINTERESTEDNESS

12. To the best of the Debtors' knowledge, and based upon the Horn Declaration, the Firm does not represent or hold any interest adverse to the Debtors or their estates. Further, to the best of the Debtors' knowledge and based on the Horn Declaration, the Firm does not have any connection with any creditors or other parties-in-interest, or their respective attorneys or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Horn Declaration.

## BASIS FOR RELIEF

13. Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, *may employ one or more attorneys . . .* that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

4

11 U.S.C. § 327(a) (emphasis added).

14. The use of the Firm as counsel to satisfy the Code's disinterestedness requirement is consistent with section 327(a) of the Bankruptcy Code which authorizes debtors to "employ one or more attorneys."

15. Section 328(a) of the Bankruptcy Code provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

16. Section 328 of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions. *See Comm. of Equity Sec. Holders of Fed.-Mogul Corp. v. Official Comm. of Unsecured Creditors (In re Fed. Mogul-Global Inc.)*, 348 F.3d 390, 396–403 (3d Cir. 2003) (discussing appointment of professionals under section 328 of the Bankruptcy Code, and holding "[s]ection 328(a) is properly read to say that 'reasonable terms and conditions' include, but are not limited to, retention on a retainer, on an hourly basis, or on a contingent fee basis"); *see also Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997) ("Under present § 328 the professionals may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee.)"); *Riker, Danzig, Scherer, Hyland & Perretti v. Official Comm. of Unsecured Creditors (In re Smart World Techs., LLC)*, 552 F.3d 228, 232–34 (2d Cir. 2009) (holding that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the 'employment of a professional person under section 327'" (citations omitted)).

5

17. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

18. For the reasons stated above, the Debtors seek to employ and retain the Firm as counsel pursuant to sections 327(a) and 328 of the Bankruptcy Code. As discussed herein, the Debtors believe that the retention of the Firm as counsel is necessary, is in the best interests of the Debtors' estates, and that the Firm neither holds nor represents interests adverse to the Debtors or their estates.

## WAIVER OF MEMORANDUM OF LAW / USE OF LOCAL FORM

19. Because the legal points and authorities upon which this Application relies are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law be deemed waived.

20. The Debtors also request that the Court permit the Debtors to use this form of retention application as opposed to the one provided for in the Local Rules due to the amount of information contained herein.

## NO PRIOR REQUEST

21. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order substantially in the form submitted herewith authorizing the Debtors to employ and retain the Firm as counsel, and grant the Debtors such other and further relief as the Court may deem proper.

DATED:   April 3, 2024

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
      Eric H. Horn, Esq.
      Heike M. Vogel, Esq.
      Gifty Vroom Minnow, Esq. (*pro hac vice* to be submitted)
      290 West Mount Pleasant Avenue, Suite 3260
      Livingston, New Jersey 07039
      Tel. (973) 287-5006
      Fax  (973) 533-0127

*Proposed Counsel to the Debtors and Debtors-in-Possession*