| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-2*<br><br>**A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>Heike M. Vogel, Esq.<br>Maria A.G. Harper, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-5006<br>Fax  (973) 533-0127<br><br>*Proposed Counsel to the Debtors<br>and Debtors in Possession* | |
| In re:<br><br>JTRE 14 VESEY LLC,<br><br>       Debtor. | Chapter 11<br>Case No. 24-12087 (MBK)<br><br>*(Joint Administration to be Requested)* |
| In re:<br><br>14 VESEY STREET PARTNERS (DEL) LLC,<br><br>       Debtor. | Chapter 11<br>Case No. 24-12086 (MBK) |

**DECLARATION OF ERIC H. HORN IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND <u>RETENTION OF A.Y. STRAUSS LLC AS COUNSEL FOR THE DEBTORS</u>**

Eric H. Horn, being duly sworn, states the following under penalty of perjury:

1. I am a member of A.Y. Strauss LLC (the "*Firm*") located at 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039. I am a member in good standing of the Bar of the States of New York, New Jersey and Virginia and am admitted to practice before this Court.

2.  I am in all respects competent to make this Declaration in support of the application (the "*Application*")[1] to retain the Firm as counsel for the above-captioned debtors and debtors-in-possession (the "*Debtor*") pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## QUALIFICATIONS AND DISINTERESTEDNESS

3.  I and other attorneys at the Firm have extensive experience and expertise in representing debtors in connection with chapter 11 cases.

4.  The Firm has reviewed the Debtors' chapter 11 petitions, related documents and the list of the names of individual and entities that may be parties-in-interest in these Chapter 11 Cases (the "*Potential Parties-In-Interest*").

5.  To the best of my knowledge, information and belief, with respect to the above-captioned cases, except as set forth herein, neither I nor any member, attorney or employee of the Firm has any connection with:

- the directors and officers of the Debtor;
- the Debtor's lenders and lienholders; or
- the Debtor's 30 largest unsecured creditors.

6.  Other than as set forth in the last sentence of this paragraph, neither I nor any member, attorney or employee of the Firm has ever been a member, officer or employee of the Debtor or had an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor. The Firm has represented David Goldwasser – the Debtors' newly

---

[1] Capitalized terms which are not defined herein shall have the meanings set forth in the Application.

2

appointed vice president of restructuring – in matters completely unrelated to these Chapter 11 Cases.

7. The Firm is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that the Firm, its partners, counsel and associates, except as disclosed herein:

    (a)    are not creditors, equity holders or insiders of the Debtor

    (b)    are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtor; and

    (c)    do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

8. I am not related, and to the best of my knowledge, no attorney at the Firm is related to any United States Bankruptcy Judge in the District of New Jersey or the U.S. Trustee.

9. Moreover, the Firm is not disqualified from acting as the Debtor's counsel merely because it may represent creditors, equity holders and/or other parties-in-interest in matters unrelated to these Chapter 11 Cases.

10. The Firm will periodically review its files during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

### THE FIRM'S CONNECTIONS WITH PARTIES-IN-INTEREST IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE

11. The Firm and certain of its partners, counsel and associates may have represented in the past, and may likely represent in the future, parties-in-interest of the Debtors in

connection with matters unrelated to the Debtors and these Chapter 11 Cases. The Firm has reviewed the list of Potential Parties-In-Interest for any connection it may have to those parties and has not found any.

12. In the event any new facts or relationships subsequently are discovered during the pendency of these Chapter 11 Cases, the Firm will supplement this Declaration and file the same with the Court.

### **PROFESSIONAL COMPENSATION**

13. During the Chapter 11 Cases, the Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the United States Trustee.

14. The Debtors and the Firm have agreed that the Firm will be compensated (after discounting the Firm's hourly rates) for the services described herein at a rate of $425 to $550 per hour in accordance with its customary billing practices, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.

15. Prior to the filing of these cases, the Firm received a retainer of $35,000 in addition to the chapter 11 filing fees.

16. The Firm is not sharing its professional fees with any party.

DATED:   April 3, 2024

                                                    */s/ Eric H. Horn*
                                                    Eric H. Horn