UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Order Filed on April 8, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

  14 Vesey Street Partners (Del) LLC,

  Debtor.

Chapter: 11

Case No.: 24-12086

Judge: Michael B. Kaplan

In Re:

  JTRE 14 Vesey LLC,

  Debtor.

Chapter: 11

Case No.: 24-12087

Judge: Michael B. Kaplan

**ORDER DIRECTING MEDIATION AND ITS PROCEDURES**

The relief set forth on the following pages is ORDERED.

**DATED: April 8, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1 <br><br> In re: <br><br> 14 VESEY PARTNERS (DEL) LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-12086 (MBK) <br><br> Judge Michael B. Kaplan |
| In re: <br><br> JTRE 14 VESEY LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-12087 (MBK) <br><br> Judge Michael B. Kaplan |

## ORDER DIRECTING MEDIATION AND ITS PROCEDURES

1. The purpose of the Mediation is to facilitate arm's-length negotiations. The Mediation shall be considered a settlement negotiation for the purpose of all Federal and State rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement agreement.

2. The Mediation Parties and their respective counsel and advisors shall participate in the Mediation in good faith with the goal of reaching a consensual resolution of their disputes.

3. Effective immediately, the Court authorizes and appoints Albert Togut to serve as mediator ("Mediator") in these Chapter 11 Cases to conduct the mediation (the "Mediation"). The Mediator is authorized to use his law firm of Togut, Segal & Segal LLP to assist him. The Mediator and Togut, Segal & Segal LLP are directed to file Declarations of disinterestedness.

4. The Mediator may conduct the Mediation as he sees fit, establish rules and procedures of the Mediation, and consider and take appropriate action pertaining to matters, such as the following, which the Mediator deems appropriate:

- The Mediator shall have discretion over whether position statements are required from the Parties ("Position Statements"), whether those Position Statements are for the Mediator's eyes only or can be shared with the other Mediation Parties, and the page limitations, if any, of Position Statements. The Mediator may also require the Parties to provide to the Mediator any relevant papers and exhibits as well as a settlement proposal, which shall be confidential between the submitting party and the Mediator unless the submitting party otherwise agrees, or unless so directed by the Mediator or ordered by this Court.
- The Mediator has authority to establish timing of the Mediation, including contact procedures.

- The Mediator shall conduct such meetings as she/he deems necessary and advisable by phone, video, in person or any combination thereof, at her/his sole discretion.
- The Mediator has authority to establish a deadline for the parties to act upon a proposed settlement or upon a settlement recommendation from the Mediator.

5. The Mediator and his professionals shall be entitled to compensation, as well as reimbursement for reasonable costs, without need for further order of this Court. The costs of the Mediator and his professionals will be paid by equally by the Mediation Parties on a current basis and any unpaid portion will be added to the amount of the secured creditor's claim against its collateral. Such costs of the Mediator are to be paid currently and need not await a sale or other disposition of the collateral. The Mediation Parties shall otherwise each be responsible for their own costs associated with the Mediation.

6. The Mediation shall commence after entry of this Order and not end until successfully concluded, or terminated by this Court for cause shown, including upon the Mediator declaring an impasse. If the Mediation ends in an impasse, the matter will be heard as scheduled.

7. The Mediation shall be held based upon the availability of the Mediator and the Mediation Parties. At the Mediator's discretion, any in-person, video,

or audio conference mediation session or any combination thereof (each, a "<u>Mediation Session</u>") may, in the Mediator's discretion, include all or any portion of the Mediation Parties. Thus, the Mediator may determine whether the Mediation Parties must appear in person or whether video or audio meetings are more appropriate.

8. A representative(s) or individual designee(s) from each Mediation Party with full authority to bind the institution for whom such principal acts, subject only to necessary credit committee or other requisite internal approvals, shall attend each scheduled Mediation Session; the selection of that representative or designee shall be left to the discretion of each Mediation Party, provided the representative or designee is acceptable to the Mediator. A Mediation Party may make a request to the Mediator that it be excused from having a representative or designee attend any given Mediation Session.

9. If the Mediator excuses a Mediation Party's presence at a Mediation Session, that Mediation Party must remain available to rejoin the Mediation upon the request of the Mediator.

10. The Court considers a Mediation Party's refusal to attend, through its conclusion, a Mediation Session requested by the Mediator through an authorized decision-maker to be an act that is not in good faith.

11. The Parties shall not (a) call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, (b) subpoena any notes,

documents or other material prepared by the Mediator in the course of, or in connection with, the Mediation, or (c) offer into evidence any statements, views or opinions of the Mediator.

12. The Mediation shall in all respects be non-binding and without prejudice to any Mediator Party's rights, claims, or defenses, unless the Mediation Parties agree in writing to be so bound; provided however, that any settlement agreement(s) reached through Mediation -- reduced to writing and signed -- shall be binding as to each signatory in accordance with the terms of such written agreement, subject, with respect to the Debtors, to the requirements of section 363(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019, and any other provisions of the Bankruptcy Code, as applicable, and this Court will retain exclusive jurisdiction to enforce any such settlement agreement(s).

13. Nothing in this Order preclude the Mediator from reporting to the Court *ex parte* the status of the Mediation, or from complying with the obligations set forth herein to report failures to attend or to participate in good faith. At the conclusion of the Mediation, the Mediator shall file with the Court a report stating (a) that the Mediator has conducted the Mediation; (b) the date or dates when the Mediation occurred; (c) the names of the Mediation Parties, including counsel, advisors, and principals thereto or thereof, who participated in the Mediation; (d) whether the Mediator believes that the Mediation Parties complied with the Mediation procedures and

5

participated in good faith; and (e) whether any settlements or agreements were reached, and if so, the terms of such settlements or agreements.

14. To the maximum extent permitted by applicable law, the Mediator and his/her agents shall have the same immunity as judges and court employees have under federal law and the common law from liability for any act or omission in connection with the Mediation, and from any compulsory process to testify or produce documents in connection with the Mediation.

15. This Court retains exclusive jurisdiction to interpret, implement and enforce the provisions of this Order.

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry hereof.