## EXHIBIT E

**Togut Declaration**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(a)*

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Michael J. Barrie (NJ No. 033262000)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
-and-
Abbey Walsh (admitted *pro hac vice*)
1155 Avenue of the Americas, Floor 26
New York, NY 10036
Telephone: (646) 593-7050
Facsimile: (646) 755-3397
abbey.walsh@beneschlaw.com

*Counsel to CPIF MRA, LLC*

In re:

JTRE 14 VESEY LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 24-12087 (MBK)

(Jointly Administered)

## DECLARATION OF ALBERT TOGUT, AS CHAPTER 11 TRUSTEE

Pursuant to 28 U.S.C. § 1746, I, Albert Togut, declare:

1.     I am the chapter 11 trustee (the "Trustee") of the above-captioned debtors (the "Vesey Debtors") and their affiliate debtors Park 28 Partners LLC (case no. 24-17234) and W72 Street Partners LLC (case no. 24-17236) (together with the Vesey Debtors, the "Debtors").[2]

2.     I have personal knowledge of the facts set forth herein.

---

[1] JTRE 14 Vesey LLC's case is jointly administered with the cases of 14 Vesey Street Partners (DEL) LLC (24-12086), Park 28 Partners LLC (24-17234) and W72 Street Partners LLC (24-17236) (together, the "Debtors").

[2] At the time of my appointment as Mediator (discussed below), only the debtors owning the real property located at 14 Vesey Street, New York, NY were the subject of chapter 11 cases.  Additional cases were filed later as a result of the agreement reached in the Mediation.

3.       Prior to being appointed as the Trustee, I served as the Court-appointed mediator (in such capacity, the "Mediator") in the Vesey Debtors' chapter 11 cases. and assisted the parties in reaching the agreement set forth in the Binding Term Sheet dated as of June 18, 2024 (the "Settlement Term Sheet") by and among (i) Jack Terzi ("Terzi"), (ii) the Vesey Debtors, and (iii) CPIF MRA, LLC ("Lender"), which was approved by Order of the Court dated July 1, 2024 [Docket No. 87].

4.       Under the Settlement Term Sheet, (i) Terzi agreed to escrow $65,000 no later than June 21, 2024 to be used toward the payment of real estate taxes owed on real property owned by JTRE 14 Vesey LLC (the "Vesey Property"), and (ii) the Vesey Debtors and Terzi agreed to be jointly responsible for funding all costs of administration of the Vesey Debtors' cases (the "Administrative Costs") from a source other than the proceeds of Lender's collateral.

5.       Additionally, pursuant to the *Order Directing Mediation and its Procedures* [Docket No. 41], the costs and expenses of the Mediator and his professionals (the "Mediation Charges") were to be paid equally by the Mediation Parties, meaning the Debtors and Terzi were jointly responsible for the payment of fifty percent (50%) of the Mediation Charges.

6.       As Trustee, I have taken control of the Debtors' assets.

7.       To the best of my knowledge, Terzi failed to escrow $65,000 to be used to pay real estate taxes on the Vesey Property.

8.       The Administrative Costs of the Debtors' chapter 11 cases have largely consisted of costs to maintain insurance on the Vesey Property and legal fees incurred by the Debtors' chapter 11 counsel prior to my appointment as Trustee.  The insurance costs have totaled at least $35,516 to date (a portion of which is attributable to the Vesey Debtors), and the Vesey Debtors' counsel fees totaled $114,945.

9.      The Vesey Debtors lacked sufficient funds to make these payments and even the insurance costs were not paid by Terzi.  Ultimately, Lender had no choice but to advance the funds to the estate to pay necessary insurance premiums.

10.      The Debtors also do not have sufficient funds to pay the legal fees owed to the Debtors' counsel prior to my appointment as Trustee.  As such, it is likely that this obligation will be satisfied from the proceeds of the sale of the Vesey Property, which is Lender's collateral, notwithstanding the provisions of the Settlement Term Sheet.

11.      The Mediation Charges totaled $270,990.30.  Terzi and the Debtors were jointly responsible for half of this amount, or $135,495.15 ("Terzi's Share").

12.      Despite being notified by me of the outstanding balance owed for the Mediation Charges, the Debtors paid only $60,106.50 of Terzi's Share of the Mediation Charges, in satisfaction of the first invoice period for April-May 2024 ($50,000 of which was paid at the beginning of the Mediation), after which neither Terzi nor the Debtors paid any additional amounts.

13.      As a result, Lender satisfied the unpaid portion of Terzi's Share of the Mediation Charges in the amount of $75,388.65 from the proceeds of the sale of one of the Debtors' properties, which was the Lender's collateral.

14.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that to the best of my knowledge, information and belief,  the foregoing is true and correct.

*/s/ Albert Togut*_____
ALBERT TOGUT, not individually but
solely in his capacity as Chapter 11 Trustee
of the Debtors

3