

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald, Esq.
550 Broad Street, Suite 1508
Newark, NJ 07102
Tel:  (212) 594-5000
frankoswald@teamtogut.com

Albert Togut, Esq. (admitted *pro hac vice*)
Eitan E. Blander, Esq. (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, NY 10119
Tel:  (212) 594-5000
altogut@teamtogut.com
eblander@teamtogut.com

*Attorneys for Albert Togut,
Not Individually But Solely in His Capacity
as Chapter 11 Trustee*

**Order Filed on May 14, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

JTRE 14 VESEY LLC, et al.,

Debtors.[1]

Chapter 11

Case No.: 24-12087 (MBK)

Judge:  Michael B. Kaplan, U.S.B.J.

(Jointly Administered)

**ORDER APPROVING (A) BIDDING PROCEDURES
REGARDING TRUSTEE'S SALE OF 14 VESEY ST. PROPERTY,
(B) THE STALKING HORSE BID PROTECTIONS AND (C) THE TIME, DATE,
PLACE AND FORM OF NOTICE FOR AN AUCTION AND SALE HEARING**

The relief set forth on the following pages, numbered four (4) through nine (9), is
**ORDERED.**

**DATED: May 14, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtors:      JTRE 14 Vesey LLC, et al.
Case No.:     24-12087 (MBK)
Caption:      Order Approving (A) Bidding Procedures Regarding Trustee's Sale of 14 Vesey
              St. Property, (B) the Stalking Horse Bid Protections, and (C) the Time, Date,
              Place, and Form of Notice for an Auction and Sale Hearing

---

Upon the application (the "Application")[2] of Albert Togut, not individually but solely in his capacity as Chapter 11 trustee (the "Trustee") of the estate of JTRE 14 Vesey LLC (the "Debtor") in the above captioned jointly-administered case, by his attorneys, Togut, Segal & Segal LLP, for entry of an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2), 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving the proposed bidding procedures (the "Bidding Procedures") to be used in connection with the Trustee's proposed sale (the "Sale") of the Debtor's real property located at 14 Vesey Street, New York, New York, 10007 (the "Property"), in accordance with the Stalking Horse Sale Contract for the Property, substantially in the form attached to the Application as Exhibit A (the "Sale Contract") to the successful bidder for the Property (a "Purchaser" or "Successful Bidder"), including procedures for an auction for same (the "Auction") if necessary, (b) approving a break-up fee for the stalking horse bidder, and (c) scheduling the Auction and a hearing (the "Sale Hearing") to consider approval of the Sale, and approving the form and manner of notice of the Auction and the Sale Hearing; and this Court having considered the Application; and based on the Application, it appearing that the relief requested in the Application is in the best interests of the Debtor's estate and all parties in interest; and after due deliberation thereon and good cause appearing therefor, it is hereby:

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Application.

2

(Page 3)
Debtors:     JTRE 14 Vesey LLC, et al.
Case No.:    24-12087 (MBK)
Caption:     Order Approving (A) Bidding Procedures Regarding Trustee's Sale of 14 Vesey
             St. Property, (B) the Stalking Horse Bid Protections, and (C) the Time, Date,
             Place, and Form of Notice for an Auction and Sale Hearing

---

**FOUND AND DETERMINED THAT:[3]**

A.      This Court has jurisdiction over the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the

Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C.

§§ 157(b)(2)(A), (N) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§

1408 and 1409.

B.      Good and sufficient notice of the relief sought in the Application

has been given and no further notice is required.  A reasonable opportunity to object or

be heard regarding the relief requested in the Application has been afforded to all

interested persons and entities, including the Notice Parties.

C.      The proposed notice of the Bidding Procedures, the Auction, the

Sale Hearing and the proposed Sale, as set forth in the Application and the Sale

Contract, is good, appropriate, sufficient and is reasonably calculated to provide all

interested parties with timely and proper notice of the Bidding Procedures, the Auction,

the Sale Hearing and the Sale and no other or further notice of the Sale, the Auction or

the Bidding Procedures, other than as set forth herein and in the Application, is

required.

D.      The Trustee has articulated good and sufficient cause for this Court

to grant the relief requested in the Application, including this Court's (a) approval of

the Bidding Procedures, attached hereto as Exhibit 1; and (b) approval of the form and

---

[3]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as
        findings of fact, when appropriate.  *See* Fed. R. Bankr. P. 7052.

(Page 4)
Debtors:    JTRE 14 Vesey LLC, et al.
Case No.:   24-12087 (MBK)
Caption:    Order Approving (A) Bidding Procedures Regarding Trustee's Sale of 14 Vesey
            St. Property, (B) the Stalking Horse Bid Protections, and (C) the Time, Date,
            Place, and Form of Notice for an Auction and Sale Hearing

_____

manner of service of the notice of the Auction, the Application and Sale Hearing,

attached hereto as Exhibit 2 (the "Notice of Auction and Sale Hearing").

E.    The Trustee has articulated good and sufficient cause for, and the

best interests of the Debtor's estate will be served by, this Court scheduling a

subsequent hearing to consider whether to grant the remainder of the relief requested in

the Application, including approval of the proposed Sale free and clear of, among other

things, all liens, claims, encumbrances, and interests, other than permitted exceptions

(collectively, "Liens"), with such Liens to attach to the proceeds of the Property.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND**

**DECREED THAT:**

1.    The Application is GRANTED to the extent provided in this Order.

2.    Except as specified below, all objections to entry of this Order or to

the relief provided herein and requested in the Application that have not been

withdrawn, waived, resolved, or settled are hereby denied and overruled in their

entirety.

**THE BIDDING PROCEDURES**

3.    The Bidding Procedures, as set forth in Exhibit 1 hereto and

incorporated herein by reference as if fully set forth herein, are hereby approved in all

respects and shall govern all bids and bid proceedings relating to the Property.

4.    The deadline for submitting bids for the Property (the "Bid

Deadline") shall be June 8, 2026, at 5:00 p.m. (prevailing Eastern Time), unless otherwise

extended by the Trustee in consultation with the Lender.  In the event the Bid Deadline is

4

(Page 5)
Debtors:     JTRE 14 Vesey LLC, et al.
Case No.:    24-12087 (MBK)
Caption:     Order Approving (A) Bidding Procedures Regarding Trustee's Sale of 14 Vesey
             St. Property, (B) the Stalking Horse Bid Protections, and (C) the Time, Date,
             Place, and Form of Notice for an Auction and Sale Hearing

---

extended, the Trustee may adjourn the dates for the Auction and the Sale Hearing.

5.      Except as may be limited by the Sale Contract, and subject to the consultation rights provided for in the Bidding Procedures, the Trustee is authorized to extend the deadlines set forth in this Order and/or adjourn, continue or suspend the Auction and/or the Sale Hearing for any reason, without further order of this Court, by filing a notice with this Court and serving such notice on all Notice Parties and Potential Bidders.

6.      The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

7.      The Stalking Horse Bid Protections are approved in their entirety and the amount of such Stalking Horse Bid Protections as to Purchaser, if applicable pursuant to the Bidding Procedures, shall be an allowed administrative expense claim under section 503(b) of the Bankruptcy Code.  The Trustee is authorized, but not directed, to pay any amounts that may become due to the Purchaser on account of the Stalking Horse Bid Protections on the terms set forth in the Sale Contract.

8.      For the avoidance of doubt, in the event that the Trustee pursues an Alternative Proposal as defined in the Bidding Procedures, this shall not in any way relieve the Trustee of any requirement to pay the Stalking Horse Bid Protections on the terms set forth in the Sale Contract.

## THE AUCTION

9.      The Auction shall commence on June 11, 2026, at 1:00 p.m. (prevailing Eastern Time) at the New Jersey offices of Togut, Segal & Segal, LLP,

5

(Page 6)
Debtors: JTRE 14 Vesey LLC, et al.
Case No.: 24-12087 (MBK)
Caption: Order Approving (A) Bidding Procedures Regarding Trustee's Sale of 14 Vesey St. Property, (B) the Stalking Horse Bid Protections, and (C) the Time, Date, Place, and Form of Notice for an Auction and Sale Hearing

---

attorneys for the Trustee, 550 Broad Street, Suite 1508, Newark, NJ 07102, or such later time or other place, within New York City or New Jersey or conducted virtually, as decided by the Trustee.  In accordance with the Bidding Procedures, and the Trustee shall notify all Qualified Bidders of such later time or place; provided, however, in the event that no Qualified Bids other than the one submitted by the Purchaser are received by the Bid Deadline, the Trustee shall not be required to conduct an Auction, and in such event the Trustee shall file a notice of cancellation of the Auction on the electronic docket that is maintained for the jointly-administered cases, and serve such notice on all of the Notice Parties and proceed with the approval of the Sale of the Property to the Qualified Bidder.

**SALE HEARING**

10.    The Sale Hearing shall be held before the Honorable Michael B. Kaplan, United States Bankruptcy Judge of the Bankruptcy Court, on June 23, 2026, at 10:00 a.m. (prevailing Eastern Time) at the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, at which time this Court shall consider:  (a) approval of the Sale to the Successful Bidder free and clear of all Liens;  (b) entry of the proposed Sale Order, substantially in the form attached to the Application as Exhibit "C";  (c) any other issues or objections that are timely interposed by any parties;  and (d) the granting of such other or further relief as this Court may deem just or proper.

11.    Except as may be limited by the Sale Contract, the Sale Hearing may be adjourned by the Trustee, after consultation with the Successful Bidder, as applicable, from time to time without further order of this Court, by filing a notice on

(Page 7)
Debtors:     JTRE 14 Vesey LLC, et al.
Case No.:    24-12087 (MBK)
Caption:     Order Approving (A) Bidding Procedures Regarding Trustee's Sale of 14 Vesey
             St. Property, (B) the Stalking Horse Bid Protections, and (C) the Time, Date,
             Place, and Form of Notice for an Auction and Sale Hearing

---

the electronic docket that is maintained for the jointly-administered cases and serving

such notice on the Notice Parties and all Qualified Bidders.

## NOTICE

12.    The Notice of Auction and Sale Hearing, substantially in the form

attached hereto as Exhibit 2, is hereby approved.

13.    Within two (2) business days after the entry of this Order, the

Trustee shall cause this Bidding Procedures Order, together with the exhibits hereto, to

be served on all of Notice Parties and all of the Debtor's known creditors, all of the

parties that have recorded liens against the Property, and all parties which the Trustee

and the Broker have identified as having an interest in acquiring the Property.

14.    The notice as set forth in the preceding paragraph shall constitute

good and sufficient notice of the Auction, the Sale Hearing and the proposed Sale

Order, and no other or further notice of the Auction, the Sale Hearing and/or the

proposed Sale Order shall be necessary or required.

## OBJECTIONS TO THE SALE

15.    Objections, if any, to the Sale of the Property pursuant to the

Application, other than with respect to the relief granted herein, shall be filed with this

Court and served so as to be **actually received** no later than 4:00 p.m. (prevailing

Eastern Time) on June 17, 2026 (the "Objection Deadline"), by: (a) Togut, Segal & Segal

LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119,

Attn: Frank Oswald, Esq; (b) Wachtel Missry LLP, counsel to the Stalking Horse

Purchaser, One Dag Hammarskjold Plaza, 47th Floor, 885 Second Avenue, New York,

7

(Page 8)
Debtors:      JTRE 14 Vesey LLC, et al.
Case No.:     24-12087 (MBK)
Caption:      Order Approving (A) Bidding Procedures Regarding Trustee's Sale of 14 Vesey
              St. Property, (B) the Stalking Horse Bid Protections, and (C) the Time, Date,
              Place, and Form of Notice for an Auction and Sale Hearing

New York 10017, Attn: Steven J. Cohen, Esq; (c) Benesch, Friedlander, Coplan &

Aranoff LLP, counsel for Lender, 1155 Avenue of the Americas, 26th Floor New York,

NY 10036, Attn: Abbey Walsh, Esq.; (d) the United States Trustee, One Newark Center,

Suite 2100, Newark NJ 07102, Attn: Lauren E. Bielskie, Esq.; (e) A.Y. Stauss LLC,

counsel to the Debtors, 290 West Mount Pleasant Avenue, Suite 3260 Livingston, New

Jersey 07039, Attn: Eric H. Horn, Esq.; and (f) all parties that have filed a Notice of

Appearance.  Objections, if any, shall state the party's interest in the Chapter 11 Case

and shall also set forth the specific grounds, legal and/or factual, for the objection.

Only timely filed and served responses, objections, and other pleadings may be

considered by this Court at the Sale Hearing.

16.     The failure of any person or entity to file an objection to the

Application or before the Objection Deadline shall forever bar any such objection to the

Application or the relief requested therein, or to the consummation of the Sale

contemplated by the Sale Contract or agreement with the Successful Bidder(s), if any,

including the transfer of the Property free and clear of Liens.

## ADDITIONAL PROVISIONS

17.     The terms and conditions of this Order shall be effective

immediately upon its entry.

18.     The Trustee is authorized and empowered to take such steps, incur

and pay such costs and expenses, and do such things as may be reasonably necessary to

fulfill the notice requirements established by this Order.

19.     Entry of this Order shall in no way impair the ability of the Court,

(Page 9)
Debtors:      JTRE 14 Vesey LLC, et al.
Case No.:     24-12087 (MBK)
Caption:      Order Approving (A) Bidding Procedures Regarding Trustee's Sale of 14 Vesey
              St. Property, (B) the Stalking Horse Bid Protections, and (C) the Time, Date,
              Place, and Form of Notice for an Auction and Sale Hearing

---

United States Trustee, or the Trustee to implement or enforce other orders of the Court entered in the Debtor's case, and all such orders shall continue in full force and effect.

20.     This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**Exhibit 1**

**Bidding Procedures**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald, Esq.
550 Broad Street, Suite 1508
Newark, NJ 07102
Tel: (212) 594-5000
frankoswald@teamtogut.com

Albert Togut, Esq. (admitted *pro hac vice*)
Eitan E. Blander, Esq. (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, NY 10119
Tel: (212) 594-5000
altogut@teamtogut.com
eblander@teamtogut.com

*Attorneys for Albert Togut,
Not Individually But Solely in His Capacity
as Chapter 11 Trustee*

| | |
|---|---|
| In re:<br><br>JTRE 14 VESEY LLC, et al.,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No.: 24-12087 (MBK)<br><br>Judge: Michael B. Kaplan, U.S.B.J.<br><br>(Jointly Administered) |

## BIDDING PROCEDURES

        The following bidding procedures (the "<u>Bidding Procedures</u>") shall
govern the sale by Albert Togut, not individually but solely in his capacity as
Chapter 11 trustee (the "<u>Trustee</u>") of JTRE 14 Vesey LLC  (the "<u>Debtor</u>") in the above
captioned jointly-administered case, of the Debtor's real property located at 14 Vesey
Street, New York, New York, 10007  (the "<u>Property</u>") pursuant to the sale contract
for the Property attached as <u>Exhibit A</u> (the "<u>Sale Contract</u>") to the Trustee's
*Application for: (I) an Order Approving (A) Bidding Procedures Regarding Trustee's Sale of
14 Vesey St. Property and (B) the Time, Date, Place and Form of Notice for an Auction and
Sale Hearing;  and (II) an Order Approving (A) the Sale Free and Clear of Liens, Claims,
Encumbrances and other Interests, and (B) Payment of the Broker Fee from the Sale Proceeds*
[Docket No. 336] (the "<u>Application</u>"),[2] subject to higher and better offers as provided

---

[1]    JTRE 14 Vesey LLC's case is jointly administered with the case of 14 Vesey Street Partners (DEL) LLC
       (24-12086), JTRE 14 Vesey LLC  (24-17234), and W72 Street Partners LLC (24-17236).
[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

1

in the Bidding Procedures.  On [_____], 2026, the Bankruptcy Court entered an order approving the Application, including these Bidding Procedures.

## DUE DILIGENCE

Parties interested in conducting due diligence regarding the Property (each a "Potential Bidder") should contact the Trustee's retained real estate broker, Cushman & Wakefield (the "Broker"), Attn: Bobby Carrozzo (email: Bobby.Carrozzo@cushwake.com).

The Trustee shall allow Potential Bidders to conduct due diligence regarding the Property;  provided, however, that the Trustee is not obligated to furnish any due diligence information after the Bid Deadline (as defined below).

## QUALIFIED BID REQUIREMENTS

To be considered, any bid submitted by a Potential Bidder for the Property (parties interested in bidding on the Property must submit a separate bid for the Property in accordance with these Bidding Procedures) must be in writing and include language:

   a.  stating that the bid is irrevocable through the earlier of the Closing Date and the date that is thirty (30) days after the entry of the Sale Order, provided, however, that (a) if the Qualified Bid (defined below) becomes the Successful Bid (as defined below), such bid shall be irrevocable through the Closing Date or such earlier date as the sale contract may be terminated in accordance with its terms and (b) if the Qualified Bid becomes the Second Highest Bid (defined below), such bid shall remain irrevocable through the earlier of: (i) the closing of the sale of the Property covered by the Second Highest Bid;  and (ii) sixty (60) days after the entry of the Sale Order in respect of the Successful Bid, unless the Successful Bidder fails to close and the Trustee shall have given notice to the Second Highest Bidder that he has decided to consummate the transaction contemplated by the Second Highest Bid, in which case the Second Highest Bid shall remain open through the closing with such Second Highest Bidder;

   b.  be submitted in writing to (i) the Trustee's Broker, Attn: Bobby Carrozzo (email: Bobby.Carrozzo@cushwake.com), (ii) real estate counsel for the Trustee, Phillips Nizer LLP, 485 Lexington Avenue, New York, NY, 10017, Attn: Marc Landis, Esq. (MLandis@phillipsnizer.com) and Huyen Dang, Esq., (hdang@phillipsnizer.com) (212) 841-0705, and (iii) counsel to the Trustee, Togut, Segal & Segal LLP, Attn: Frank A. Oswald, Esq. (email: frankoswald@teamtogut.com), so as to be received no later than **5:00 p.m. (ET) on June 8, 2026** (the

2

"Bid Deadline") or such other date established by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in the Bidding Procedures Order.

In addition to the foregoing, a "Qualified Bidder" is a Potential Bidder that delivers a binding bid ("Qualified Bid") that satisfies the following:

a. the bid must be for the Property must be made on the same (or better) terms and conditions as those set forth in the Sale Contract, and must include an agreement substantially similar to such Sale Contract, marked to show any changes thereto;

b. the bid must be for a price at least $400,000 greater than the Purchase Price set forth in the Sale Contract and under terms which the Trustee believes to be higher or better than the terms set forth in the Sale Contract;

c. the bid must be accompanied by a deposit (the "Deposit") in an amount equal to at least 10% of the purchase price proposed by the Potential Bidder, in the form of a wire transfer, certified or cashiers check made payable to: "Phillips Nizer LLP as Escrowee";

d. the bid must be accompanied by sufficient information to demonstrate, in the Trustee's discretion, subject to consultation with the Lender, that the Potential Bidder has the financial ability to timely consummate the proposed transaction, including, but not limited to, current bank account statements, current audited financial statements, commitments or other proof of available and non-contingent financing, and such other forms of financial disclosure and credit quality in support of such Potential Bidder (including financial information from any entities that will finance or guarantee the obligations of such Potential Bidder), which the Trustee requests;

e. the bid must be firm and unconditional and not subject to any contingencies that are not also provided in the Sale Contract including, without limitation, further due diligence review or receipt of debt or equity financing;

f. the bid must expressly acknowledges that no offer or bid for the Property shall be deemed accepted by, or binding upon, the Debtor's estate unless and until such offer or bid is accepted in writing by the Trustee and approved by Order of the Bankruptcy Court;

g. the bid must expressly acknowledge that the Property is being sold **"AS IS", "WHERE IS" IN ITS CURRENT CONDITION, WITHOUT ANY REPRESENTATIONS, COVENANTS,**

**GUARANTEES OR WARRANTIES OF ANY KIND OR NATURE WHATSOEVER**, and free and clear of any liens, claims or encumbrances of whatever kind or nature, with such liens, if any, to attach to the proceeds of sale, and is subject to among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; and (d) any building or zoning ordinances or any other applicable municipal regulations and violations thereof; and (e) environmental conditions;

h.  the bid must expressly state that the Potential Bidder (a) has had an opportunity to conduct due diligence regarding Property prior to making its offer and does not require further due diligence, (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Property in making its bid, and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Property, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures;  and

i.  the bid must expressly state that the Potential Bidder has obtained all necessary approvals to make its bid and to enter into and consummate the transaction set forth in the Sale Contract;

j.  the bid must include an executed original of these Bidding Procedures acknowledging and agreeing to these Bidding Procedures and all the terms thereof;

k.  the bid must include a statement that the Potential Bidder is not an "Insider" (as that term is defined under the Bankruptcy Code) of any of the Debtors;  and

l.  the bid must expressly state that that the Potential Bidder has not engaged in any bad faith or collusion with respect of the Auction or Sale.

Following entry of the Bidding Procedures Order, the Trustee, after consultation with his professionals and the Lender, may reject any bid that is on terms that are more burdensome or conditional than the terms of the Sale Contract;  requires any indemnification of the Potential Bidder other than as set forth in the Sale Contract; includes non-cash consideration;  entitles the Potential Bidder to any break-up fee, termination fee, or similar type of payment;  is not in conformity with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the

4

Bankruptcy Court or an Order of this Court; is from a person or an entity that the Trustee, concludes, after consultation with the Lender, does not demonstrate that the party making the bid has the financial ability to consummate the transaction or fulfill financial commitments under its proposal; or is contrary to the best interests of the Debtor's estate. In addition, notwithstanding anything contained herein to the contrary, the Trustee shall have the right, after consultation with the Lender, to entertain bids that do not conform to one or more of the requirements set forth herein.

The Trustee may, after consultation with the Lender, communicate prior to the Auction with any Potential Bidder and may request any additional information reasonably required by the Trustee in connection with his evaluation of such Potential Bidder's bid.

Within one (1) business day after the Bid Deadline, the Trustee shall inform each Potential Bidder who has submitted a bid whether it is a Qualified Bidder.

### SALE WITHOUT HOLDING AN AUCTION

If (i) no Qualified Bids have been submitted (other than that submitted by the Purchaser) by the Bid Deadline or (ii) the aggregate value of the highest Qualified Bid by its terms submitted by the Bid Deadline for the Property is for a price and under terms which the Trustee believes to not be higher or better than the Purchase Price in the Sale Contract, the Trustee may report the same to the Bankruptcy Court and proceed with a hearing to approve the sale of the Property (the "Sale Hearing") based on the Sale Contract without holding an auction.

### AUCTION

If the value of the highest or best Qualified Bid submitted (other than that submitted by the Purchaser) on or before the Bid Deadline for the Property (as determined by the Trustee, in consultation with the Lender) is for a price and under terms that the Trustee believes to be equal to or higher or better than the Purchase Price set forth in the Sale Contract, an auction (the "Auction") for the Property will take place on **June 11, 2026, at 1:00 p.m. (ET)** at the New Jersey law offices of Togut, Segal & Segal LLP; provided however, that the Trustee, in consultation with the Lender, may change the location of the Auction by providing notice of such change to each Qualified Bidder. Subject to the terms of the Sale Contract, the Trustee may extend the deadlines set forth in the Bidding Procedures Order and/or adjourn, continue or cancel the Auction and/or the Sale Hearing for any reason, including in the event the Trustee determines that a more favorable transaction is available that can be consummated without significant delay, without further order of the Bankruptcy Court, by filing a notice with the Bankruptcy Court and serving such notice on all Potential Bidders.

Only a Qualified Bidder that has submitted a timely Qualified Bid will be eligible to participate at the Auction. The Trustee and his professionals will evaluate all Qualified Bids received and, after consultation with his professionals, will select the Qualified Bid that reflects the highest or best offer for the Property as the "Starting Auction Bid." In considering which Qualified Bid shall be the Starting Auction Bid for

the Property, the Trustee will consider, among other things, the Qualified Bid, the changes to the Sale Contract required by the Qualified Bid, and the Qualified Bidder's ability to timely consummate the purchase of the Property.

The following rules shall apply at the Auction: the minimum initial overbid(s) must be, in the aggregate, at least $100,000 greater than the Starting Auction Bid, unless otherwise determined by the Trustee, in consultation with the Lender.  From time to time, the Trustee, in an open forum, may advise Qualified Bidders participating in the Auction of his determination as to the terms of the then highest or otherwise best bid for the Property.  The Trustee shall also consider the potential costs of satisfying the conditions of any bid.

Subject to the Sale Contract, the Trustee, after consultation with his professionals and with the Lender , may adopt other rules for the Auction at the Auction that, in his reasonable judgment, will better promote the goals of the Auction. All such rules will provide that: (a) the procedures must be fair and open, with no participating Qualified Bidder disadvantaged in any material way as compared to any other Qualified Bidder and (b) the Auction will be conducted openly and all Qualified Bidders will be permitted to attend;  and (c) the bidding at the Auction will be documented, recorded, or videotaped.  Nothing herein shall prohibit the Trustee from meeting privately with any Qualified Bidder to negotiate the terms of a bid or overbid.

During the Auction, the Trustee will review each bid or overbid submitted by a Qualified Bidder to identify, after consultation with his professionals and the Lender, the bid or overbid that constitutes the highest or otherwise best bid for each of the Property.  The Trustee may consider, among other things, (a) the amount of consideration offered under the Qualified Bid;  (b) the changes to the Sale Contract required by the Qualified Bid;  and (c) the Qualified Bidder's ability to timely consummate the purchase of Property.  The bid that is selected by the Trustee as the highest or otherwise best bid for the Property will be considered the "Successful Bid" and such bidder the "Successful Bidder" for the Property.

Any bid submitted after the conclusion of the Auction need not be considered for any purpose unless an order of the Bankruptcy Court is entered directing that such bid be considered, and neither the Trustee nor any other person or entity shall have any obligation to seek such an order from the Bankruptcy Court.

by the Trustee at the conclusion of the Auction and approved by the Bankruptcy Court at the Sale Hearing, shall remain open and irrevocable until the earlier of (a) the closing of the sale to the Successful Bidder, or (b) thirty (30) days after entry of the Sale Order. In the event that, for any reason, the Successful Bidder fails to close the transaction contemplated by its Successful Bid within sixty (60) days after entry of the Sale Order, the Trustee, in consultation with the Lender, may elect to regard the Second Highest Bid as the highest or best bid for the Property, and the Trustee will be authorized to consummate the transaction contemplated by the Second Highest Bid without further order of the Bankruptcy Court.

## THE SALE HEARING AND RETURN OF DEPOSITS

The Sale Hearing will be held at a date and time established by the Bankruptcy Court in the Bidding Procedures Order.  At the Sale Hearing, the Trustee will seek entry of a Sale Order, among other things, authorizing and approving the sale of the Property to the Successful Bidder pursuant to the terms and conditions set forth in the Successful Bid.

Subject to the Sale Contract and the terms of the Successful Bid, the Sale Hearing may be adjourned or rescheduled at the Trustee's discretion, , subject to consultation with the Lender, and the Trustee will notify all relevant parties of such adjournment or rescheduling in an appropriate manner, including by an announcement of the adjourned date at the Sale Hearing.

No offer shall be deemed finally accepted by the Trustee unless and until it is approved by the Bankruptcy Court.

In the event the Successful Bidder fails to consummate the purchase of the Property because of a breach or failure to perform on the part of such bidder, the bidder's Deposit shall be forfeited to the Trustee on behalf of the Debtor's estate, provided that the Trustee reserves the right to seek all available damages from the defaulting bidder.

All Deposits, other than the Deposit of the Successful Bidder and the Second Highest Bidder for the Property, will be returned within seven (7) business days following entry of the Sale Order.  The Deposit of the Second Highest Bidder will be returned as soon as practicable following the earlier of (a) the closing of the sale with the Successful Bidder pursuant to the Successful Bid and (b) sixty (60) days after entry of the Sale Order, unless the Trustee has elected to regard the Second Highest Bid as the highest or best bid for the Property, as described above.  The Trustee will not be required to maintain any Deposit in an interest-bearing account, but any interest earned on any Deposit will be remitted to the appropriate Qualified Bidder if the Deposit is returned to the Qualified Bidder pursuant to the above.  The Trustee shall not have any liability with respect to any Deposit.

## FIDUCIARY OUT

Notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures shall require the Trustee to take any action or to refrain from taking any action related to any sale transaction or with respect to these Bidding Procedures, to the extent the Trustee reasonably determines in good faith, in consultation with counsel, that taking or failing to take such action, as applicable, would be inconsistent with applicable law or its fiduciary obligations under applicable law.

Further, notwithstanding anything to the contrary in these Bidding Procedures or the Bidding Procedures Order, through the date of the Auction (if held), nothing in these Bidding Procedures shall diminish the right of the Trustee or his professionals to: (a) consider, respond to, and facilitate alternate proposals for sales or

7

other restructuring transactions involving the Property (each an "Alternate Proposal"); (b) provide access to non-public information concerning the Debtors to any entity or enter into confidentiality agreements or nondisclosure agreements with any entity with respect to Alternative Proposals; (c) maintain or continue discussions or negotiations with respect to Alternate Proposals; (d) otherwise cooperate with, assist, participate in, or facilitate any inquiries, proposals, discussions, or negotiations of Alternate Proposals; and (e) enter into or continue discussions or negotiations with any person or entity regarding any Alternate Proposal.  For the avoidance of doubt, if the Trustee determines to consider or accept an Alternate Proposal of any kind, the Stalking Horse Purchaser shall be given the opportunity to match or exceed any such Alternate Proposal before the Starting Auction Bid is selected.

## NOTICE

The Trustee is providing notice of the Bidding Procedures, the date of an Auction concerning the Property, and the date for the Sale Hearing, together with a copy of the Sale Contract, to, among others, all of the parties that have recorded liens against the Property and all parties which the Trustee has identified as having an interest in acquiring the Property.

## JURISDICTION

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the sale of the Property, the Bidding Procedures, the Sale Hearing, the Auction, the Sale Contract, and/or any other matter that in any way relates to the foregoing.

ALBERT TOGUT, not individually but solely in his capacity as Chapter 11 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/
FRANK A. OSWALD
A Member of the Firm
550 Broad Street, Suite 1508
Newark, NJ 07102
(212) 594-5000

**Exhibit 2**

**Notice of Auction and Sale Hearing**

**BID DEADLINE:**          June 8, 2026, at 5:00 p.m. (prevailing Eastern Time)
**AUCTION DATE:**         June 11, 2026, at 1:00 p.m. (prevailing Eastern Time)
**OBJECTION DEADLINE:**   June 17, 2026, at 4:00 p.m. (prevailing Eastern Time)
**SALE HEARING**         June 23, 2026, at 10:00 a.m. (prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald, Esq.
550 Broad Street, Suite 1508
Newark, NJ 07102
Tel: (212) 594-5000
frankoswald@teamtogut.com

Albert Togut, Esq. (admitted *pro hac vice*)
Eitan E. Blander, Esq. (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, NY 10119
Tel: (212) 594-5000
altogut@teamtogut.com
eblander@teamtogut.com

*Attorneys for Albert Togut,
Not Individually But Solely in His Capacity
as Chapter 11 Trustee*

| | |
|---|---|
| In re:<br><br>JTRE 14 VESEY LLC, et al.,<br><br>        Debtors.[1] | Chapter 11<br><br>Case No.: 24-12087 (MBK)<br><br>Judge: Michael B. Kaplan, U.S.B.J.<br><br>(Jointly Administered) |

**NOTICE OF AUCTION AND HEARING TO CONSIDER
<u>APPROVAL OF TRUSTEE'S SALE OF 14 VESEY ST. PROPERTY</u>**

---

[1]    JTRE 14 Vesey LLC's case is jointly administered with the case of 14 Vesey Street Partners (DEL) LLC (24-12086), Park 28 Partners LLC (24-17234), and W72 Street Partners LLC (24-17236).

1

**NOTICE IS HEREBY GIVEN**, that:

1.      On March 23, 2026, Albert Togut, not individually but solely in his capacity as Chapter 11 trustee ("Trustee") of the estate of JTRE 14 VESEY LLC (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, filed an application (the "Application")[2] with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in the above captioned jointly-administered chapter 11 cases requesting, among other things, (a) approval of bidding procedures (the "Bidding Procedures") in connection with the Trustee's sale of the Debtor's real property located at 14 Vesey Street, New York, New York, 10007 (the "Property"), as described in the Application, in accordance with the respective form of Sale Contract substantially in the form attached to the Application as Exhibit "A" (the "Sale Contract"), to the successful bidder(s) for the Property (a "Purchaser" or "Successful Bidder") at an auction for same (the "Auction") if necessary, (b) approving a break-up fee and expense reimbursement to the stalking horse bidder, and (c) the scheduling of a bid deadline, auction date, and sale hearing (the "Bidding Schedule").

2.      On [_____], 2026, the Bankruptcy Court entered an order (the "Bidding Procedures Order") [Docket. No. ___] approving, among other things, the Bidding Procedures, and establishing the Bidding Schedule.

3.      A copy of each of the Application, the Bidding Procedures, and the Bidding Procedures Order may be obtained by: (a) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov; (b) contacting the Office of the Clerk of the Bankruptcy Court; or (c) contacting Frank A. Oswald, Esq., or Eitan Blander, Esq.,

---

[2]    Capitalized terms which are not defined herein shall have the meanings ascribed to them in the Application.

at Togut, Segal & Segal LLP, attorneys for the Trustee, at (212) 594-5000. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

4.    All interested parties are invited to make offers for the Property in accordance with the terms of the Bidding Procedures and Bidding Procedures Order. The deadline to submit offers (the "Bid Deadline") is **June 8, 2026, at 5:00 p.m. (prevailing Eastern Time)**.

5.    All requests for information concerning the sale of the Property should be directed by written request to the Trustee's retained real estate broker, Cushman & Wakefield, Attn: Bobby Carrozzo (email: Bobby.Carrozzo@cushwake.com).

6.    Pursuant to the Bidding Procedures Order, the Trustee may conduct an auction (the "Auction") for the sale of the Property on **June 11, 2026, at 1:00 p.m. (prevailing Eastern Time)** at the New Jersey offices of Togut, Segal & Segal, LLP, attorneys for the Trustee, 550 Broad Street, Suite 1508, Newark, NJ 07102, provided that the Trustee, after consultation with the Lender, may change the location of the Auction by providing notice of such change to each Qualified Bidder.[3]

7.    The Bidding Procedures Order further provides that a Sale Hearing will be held on **June 23, 2026, at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Michael B. Kaplan, United States Bankruptcy Judge of the Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608. The Sale Hearing may be adjourned from time to time.

---

[3]    The Trustee, in consultation with the Lender, may extend the deadlines set forth in the Bidding Procedures Order and/or adjourn, continue or cancel the Auction and/or the Sale Hearing for any reason, including in the event the Trustee determines that a more favorable transaction is available that can be consummated without significant delay, without further order of the Bankruptcy Court, by filing a notice with the Bankruptcy Court and serving such notice on all Potential Bidders.

8.      At the Sale Hearing, the Trustee will request that the Bankruptcy Court enter an order, among other things, approving the highest or best bid for the Property (which will be determined as described in the Bidding Procedures), pursuant to which the Trustee will sell and transfer ownership of the Property (the "Sale Order"). In addition, the Trustee will request that the Bankruptcy Court provide that the transfer of the Property be free and clear of all liens, claims and interests, other than certain permitted exceptions as expressly set forth in the Sale Contract, with such liens, claims and interests to attach to the sale proceeds with the same validity, extent and priority that existed when the above-captioned case commenced.[4]

9.      At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this Chapter 11 Case. Objections, if any, to the sale of the Property pursuant to the terms of the agreement reached between the Trustee and the Successful Bidder(s) for the Property must be in writing and filed with the Bankruptcy Court and received by the Chambers of the Honorable Michael B. Kaplan, United States Bankruptcy Judge of the Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, must set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Debtor's estate, the basis for the objection and the specific grounds therefor, and must be served upon: (a) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Frank Oswald, Esq; (b) Wachtel Missry LLP, counsel to the Stalking Horse Purchaser, One Dag

---

[4]   All of the Trustee's rights, claims and defenses are expressly preserved and not waived

4

Hammarskjold Plaza, 47th Floor, 885 Second Avenue, New York, New York 10017,

Attn: Steven J. Cohen, Esq.;  (c) Benesch, Friedlander, Coplan & Aranoff LLP, counsel

for Lender, 1155 Avenue of the Americas, 26th Floor New York, NY 10036, Attn: Abbey

Walsh, Esq.;  (d) the United States Trustee, One Newark Center, Suite 2100, Newark

NJ 07102, Attn: Lauren E. Bielskie, Esq.;  (e) A.Y. Stauss LLC, counsel to the Debtors,

290 West Mount Pleasant Avenue, Suite 3260 Livingston, New Jersey 07039, Attn: Eric

H. Horn, Esq.;  and (f) all parties that have filed a Notice of Appearance, so as to be

actually received no later than **June 17, 2026, at 4:00 p.m. (prevailing Eastern Time)**

(the "Objection Deadline").

10.    Objections which are not timely filed on or before the Objection

Deadline will be forever waived and may not be considered by the Bankruptcy

Court.

11.    If no objection to the Sale is timely filed, the Bankruptcy Court

may enter the Sale Order without a hearing and the Sale will be consummated as

proposed

Dated: New York, New York
       May __, 2026

ALBERT TOGUT, not individually but
solely in his capacity as Chapter 11 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/
FRANK A. OSWALD
A Member of the Firm
550 Broad Street, Suite 1508
Newark, NJ 07102
(212) 594-5000