**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*
**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald, Esq.
550 Broad Street, Suite 1508
Newark, NJ 07102
Tel:  (212) 594-5000
frankoswald@teamtogut.com

Albert Togut, Esq. (admitted pro hac vice)
Eitan E. Blander, Esq. (admitted pro hac vice)
One Penn Plaza, Suite 3335
New York, NY 10119
Tel:  (212) 594-5000
altogut@teamtogut.com
eblander@teamtogut.com

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
Michael Barrie, Esq.
411 Hackensack Avenue, 3rd Floor
Hackensack, New Jersey 07601-6323
Tel. (302) 442-7010

Abbey Walsh, Esq.
1155 Avenue of the Americas, 26th Floor
New York, New York 10036
Tel. (646) 777-0053

*Counsel to CPIF MRA, LLC*

Order Filed on June 9, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>JTRE 14 VESEY LLC, et al,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12087 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>(Jointly Administered) |

ORDER (I) APPROVING THE DISCLOSURE STATEMENT FOR CHAPTER 11 PLAN OF LIQUIDATION OF JTRE 14 VESEY LLC ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING CONFIRMATION HEARING NOTICE; AND (IV) GRANTING RELATED RELIEF

**DATED: June 9, 2026**

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

Debtors:        JTRE 14 Vesey LLC, et al.

Case No.:      24-12087 (MBK)

Caption:       Order (I) Approving the Disclosure Statement for the Chapter 11 Plan of Liquidation of JTRE 14 Vesey LLC on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving Confirmation Hearing Notice;  and (IV) Granting Related Relief

---

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT FOR
CHAPTER 11 PLAN OF LIQUIDATION OF JTRE 14 VESEY LLC
ON AN INTERIM BASIS;  (II) SCHEDULING A COMBINED HEARING
ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND PLAN
CONFIRMATION AND DEADLINES RELATED THERETO;  (III) APPROVING
CONFIRMATION HEARING NOTICE;  AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered four (4) through seven (7), is

**ORDERED.**

2

(Page 3)
Debtors:         JTRE 14 Vesey LLC, et al.
Case No.:       24-12087 (MBK)
Caption:        Order (I) Approving the Disclosure Statement for the Chapter 11 Plan of Liquidation of
                JTRE 14 Vesey LLC on an Interim Basis; (II) Scheduling a Combined Hearing on Final
                Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related
                Thereto; (III) Approving Confirmation Hearing Notice;  and (IV) Granting Related Relief

_____

Upon the joint motion (the "Motion")[2] of Albert Togut, not individually but solely in his capacity as Chapter 11 trustee (the "Trustee") of the estate (the "Estate") of JTRE 14 Vesey LLC (the "Debtor"), and CPIF MRA, LLC (the "Lender" and, with the Trustee, the "Movants" or "Joint Sponsors") for entry of an order (this "Order") (a) approving the *Disclosure Statement for the Chapter 11 Plan of Liquidation of JTRE 14 Vesey LLC* on an interim basis; (b) scheduling a combined hearing on final approval of the Disclosure Statement and Plan confirmation and deadlines related thereto;  (c) approving the Confirmation Hearing Notice;  and (d) granting related relief;  and based on the record in the Debtor's chapter 11 case;  and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012;  and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) with the Court having jurisdiction to enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409;  and it appearing that sufficient notice of the Motion has been given;  and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at hearing;  and the Court having determined that the legal and factual bases set forth in

_____

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Application.

(Page 4)
Debtors:        JTRE 14 Vesey LLC, et al.
Case No.:       24-12087 (MBK)
Caption:        Order (I) Approving the Disclosure Statement for the Chapter 11 Plan of Liquidation of
                JTRE 14 Vesey LLC on an Interim Basis; (II) Scheduling a Combined Hearing on Final
                Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related
                Thereto; (III) Approving Confirmation Hearing Notice;  and (IV) Granting Related Relief

the Motion establish just cause for the relief granted herein; and upon all of the proceeding had

before the Court; and after due deliberation and good cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A.      Movants have all necessary authority to propose and prosecute the Plan and the

Disclosure Statement.

B.      Movants have provided adequate notice of the Motion, and the time fixed for

filing objections thereto, and no other or further notice need be provided with respect to the

Motion.

C.      The notice, substantially in the form attached to the Motion as **Exhibit B** (the

"Confirmation Hearing Notice"), the procedures set forth below for providing such notice to

creditors and parties-in-interest of the time, date, and place of the Confirmation Hearing (defined

below), and the contents of the Confirmation Hearing Notice comply with Bankruptcy Rules

2002 and 3017 and shall be deemed good and sufficient notice of the Plan, the Disclosure

Statement, the deadline to object to final approval of the Disclosure Statement and confirmation

of the Plan, and the Confirmation Hearing, and no other or further notice need be given to

interested parties.

**NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      The Disclosure Statement is approved on an interim basis under section 1125 of

the Bankruptcy Code and Bankruptcy Rule 3017.  Any objections to the adequacy of the

4

(Page 5)
Debtors:      JTRE 14 Vesey LLC, et al.
Case No.:    24-12087 (MBK)
Caption:      Order (I) Approving the Disclosure Statement for the Chapter 11 Plan of Liquidation of
                 JTRE 14 Vesey LLC on an Interim Basis; (II) Scheduling a Combined Hearing on Final
                 Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related
                 Thereto; (III) Approving Confirmation Hearing Notice;  and (IV) Granting Related Relief

---

information contained in the Disclosure Statement are expressly reserved for consideration at the

Confirmation Hearing.

3.　　　The Confirmation Schedule is approved as follows:

| EVENT | DATE |
|---|---|
| Deadline to Serve the Confirmation Hearing Notice (defined below) | June 9, 2026 |
| Deadline to Object to final approval of the Disclosure Statement and Confirmation of the Plan | June 30, 2026, at 4:00 p.m. (ET) |
| Deadline for Joint Sponsors to File Confirmation Brief and/or Reply to any Objection to final approval of Disclosure Statement or Plan | July 6, 2026, at 12:00 p.m. (ET) |
| Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan | July 7, 2026, at 11:30 a.m. (ET) |

4.　　　As set forth above, the combined hearing on final approval of the adequacy of the

Disclosure Statement and confirmation of the Plan is scheduled for July 7, 2026, at 11:30 a.m.

(ET) (the "Confirmation Hearing").  The deadline to file objections to the adequacy of the

Disclosure Statement and confirmation of the Plan is June 30, 2026, at 4:00 p.m. (ET) (the

"Objection Deadline").  The Confirmation Hearing may be continued from time to time by the

Court or the Joint Sponsors without further notice other than adjournments announced in open

court.

5.　　　The Deadline the Joint Sponsors to file a brief in support of confirmation of the

Plan and/or a reply to any objections to the final approval of the Disclosure Statement and

Confirmation of the Plan is July 6, 2026, at 12:00 p.m. (ET).

5

(Page 6)
Debtors:        JTRE 14 Vesey LLC, et al.
Case No.:       24-12087 (MBK)
Caption:        Order (I) Approving the Disclosure Statement for the Chapter 11 Plan of Liquidation of
                JTRE 14 Vesey LLC on an Interim Basis; (II) Scheduling a Combined Hearing on Final
                Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related
                Thereto; (III) Approving Confirmation Hearing Notice;  and (IV) Granting Related Relief

6.      Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must (i) be in writing; (ii) conform to the Bankruptcy Rules and Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity;  (iv) state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan, and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed, together with proof of service, with the Court and served on the notice parties identified in the Confirmation Hearing Notice on or prior to the Objection Deadline.

7.      The Joint Sponsors shall serve a package (the "Notice Package") containing: (i) the Disclosure Statement, the Plan and all exhibits thereto; (ii) a copy of this Order;  (iii) the Confirmation Hearing Notice;  and (iv) such other materials as the Court may direct, upon all creditors, interest holders, and all parties requesting notice pursuant to Bankruptcy Rule 2002 on or before June 9, 2026, or as soon as reasonably practicable thereafter.  The proposed distribution and contents of the Notice Package are hereby approved.

8.      The Plan's releases, exculpatory provisions, and injunctions comply with Bankruptcy Rule 3016(c) and conspicuously describe the conduct and parties enjoined by the Plan. Nothing in this Order shall be deemed a finding or determination or order that the terms and conditions of any of such releases, exculpatory provisions, or injunctions are approved.

9.      Movants are authorized to make non-material changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, and related pleadings without further order of the Court (but subject to providing the Office of the United States Trustee a redline of such changes

6

(Page 7)
Debtors:          JTRE 14 Vesey LLC, et al.
Case No.:        24-12087 (MBK)
Caption:          Order (I) Approving the Disclosure Statement for the Chapter 11 Plan of Liquidation of
                  JTRE 14 Vesey LLC on an Interim Basis; (II) Scheduling a Combined Hearing on Final
                  Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related
                  Thereto; (III) Approving Confirmation Hearing Notice;  and (IV) Granting Related Relief

prior to filing the applicable pleadings with such changes), including without limitation, changes

to correct typographical and grammatical errors and to make conforming changes among the

foregoing documents before their distribution.

10.    The Confirmation Hearing Notice is hereby approved.

11.    The Notice Procedures described in the Motion are hereby approved.

12.    Movants are hereby authorized to take any action necessary or appropriate to

implement the terms of, and the relief granted in, this Order without seeking further order of the

Court.

13.    The terms and conditions of this Order shall be immediately effective and

enforceable upon entry of this Order.

14.    The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order